### JAMES TUTTLE

*v.*

### FRANCIS RIDGEWAY,

1. DECLARATION—*when sustained by evidence.* A declaration for a specific sum, averring that the amount has reached the defendant's hands to the use of the plaintiff, is good for any portion of the sum which may be proved.

2. PROMISE—*what is a good consideration for.* If A owe B and give his order on C for a sum that may come into the hands of C, to his use, and C accept the order, he is liable to B for so much of that sum as shall come to his possession, his acceptance being a promise founded upon a sufficient consideration.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WELDON & BENJAMIN, for the appellant.

Mr. M. W. PACKARD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The declaration sets out that Snider gave to the plaintiff his order in writing on the defendant, to pay to the plaintiff the sum of six hundred dollars, and that afterward the de-

fendant promised to pay the said sum of six hundred dollars to the plaintiff, when the same should come into his hands, of moneys belonging to Snider, averring that thereafter there came into defendant's hands of such money a large sum, to-wit: seven hundred dollars. As the evidence shows that only two hundred and eighteen dollars of the money of Snider came into the hands of the defendant, it is objected that it does not sustain the declaration; that to make out a cause of action under it, six hundred dollars of such money must have been received by the defendant. We think this would be adopting a too literal construction of the language of the declaration. We regard the legal import of the promise as therein laid, to be, to pay whatever amount, not exceeding six hundred dollars, of the moneys of Snider that should come into the hands of the defendant; and that it was not essential to a recovery of the two hundred and eighteen dollars, which was had in this case, that the full sum of six hundred dollars should have come into defendant's hands.

As to the objection that there was no consideration for the promise, the funds of Snider in the hands of the defendant, and the extinguishment of his liability to Snider in respect to them, so far as covered by the order, constituted a sufficient consideration.

The point is made that the finding of the court below was against the clear preponderance of the evidence. After a careful examination of it, we find it to be conflicting in regard to the acceptance of the order, but see no sufficient reason for disturbing the finding of the court upon it.

The judgment must be affirmed.

*Judgment affirmed.*